UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DEWAYNE CHUBB,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-301 JEM |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 20].

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. 12]. Plaintiff responded in opposition [Doc. 17]. In addition, Plaintiff filed several notices [Docs. 19, 21–25]. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 12**] and **DISMISSES** this matter for lack of jurisdiction.

## I. BACKGROUND

Plaintiff commenced this action on September 16, 2025 [Doc. 1]. He states he is seeking "back pay on all [his] claims for negligent or intentional misconduct" relating to his medical conditions [*Id.* at 1]. He references "personal injury" and cites to 42 U.S.C. § 405(g) [*Id.*]. It appears he is primarily challenging his claim for Disability Insurance Benefits ("DIB") [*See id.*].

Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Doc. 12]. It argues that Plaintiff has not exhausted his administrative remedies [*Id.* at 3–5]. Given that, it contends that the Court should dismiss this

matter [*Id.* at 5]. In support of its request, Defendant relies on the Declaration of Rosanna Map, who is the Chief of Court Case Preparation and Review Branch of the Office of Appellate Operations, Social Security Administration [Doc. 12-1].

Plaintiff filed a response in opposition [Doc. 17]. He claims that Defendant was grossly negligent and displayed "a reckless disregard for the safety, rights, or well-being of others" [*Id.* at 1]. He acknowledges that "the case is being remand[ed] to the [ALJ]" [*Id.*]. Plaintiff details his medical condition and states, to the extent the Court dismisses his case, he seeks reconsideration or an appeal [*Id.*]. In support of his response, he filed the Order of Appeals Council, dated November 24, 2025, remanding his case to the ALJ [*Id.* at 2–5]. In addition, he filed several notices [Docs. 19, 21–24].

## II. JURSIDICTION

"[S]ubject matter jurisdiction is a 'threshold determination' in any action." *Soc. Coaster, Inc. v. Upton*, No. 3:26-CV-00480, 2026 WL 2254789, at *1 (M.D. Tenn. Aug. 5, 2026) (quoting *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007)). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *see also Vreba-Hoff Operations v. Van Zelst*, 475 F. Supp. 3d 757, 759 (N.D. Ohio 2020) (stating the same). The United States Court of Appeals for the Sixth Circuit has explained, "A facial attack is a challenge to the sufficiency of the pleading itself." *Ritchie*, 15 F.3d at 598 (emphasis omitted). Upon reviewing a facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citation omitted).

"A factual attack," which Defendant makes here, "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction."

*Id.* at 598 (emphasis omitted). The Court is not required to presume the factual allegations in the complaint are true and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. The Court may "allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Int'l Forest Prods. Corp. v. West*, No. 3:11-0120, 2011 WL 4056036, at *4 (M.D. Tenn. Aug. 8, 2011) (quoting *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)), *report and recommendation adopted*, No. 3:11-0120, 2011 WL 4063035 (M.D. Tenn. Sept. 13, 2011). "[T]he plaintiff bears the burden of proving that jurisdiction exists." *Id.* (citation omitted).

## III. ANALYSIS

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). "Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (brackets in original) (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). This includes the Social Security Administration ("SSA"). *El v. Soc. Sec. Admin.*, No. 1:24 CV 526, 2024 WL 1885786, at *1 (N.D. Ohio Apr. 30, 2024).

Plaintiff references "personal injury" and 42 U.S.C. 405(g) [Doc. 1]. It is not clear if Plaintiff is alleging a personal injury action against Defendant [*see id.*], and Defendant does not mention it [*see* Doc. 12]. Regardless, the Court may raise its authority to hear a matter *sua sponte*. *Klepsky v. UPS*, 489 F.3d 264, 268 (6th Cir. 2007).

To the extent Plaintiff is attempting to allege a personal injury claim, there are no allegations in the Complaint that Defendant consented to suit [*See* Doc. 1]. Although Plaintiff does not reference the Federal Tort Claims Act ("FTCA"), it "waives sovereign immunity for certain tort actions committed by employees of the United States[,] . . . [but,] the SSA cannot be sued

directly under the FTCA." *El*, 2024 WL 1885786, at *2 (citation omitted). The Court therefore does not have jurisdiction over this claim. *See id.* (dismissing the plaintiff's personal injury claims against the SSA).[1]

The SSA has consented to suit over social security benefits pursuant to 42 U.S.C. § 405(g). It states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). In addition, the Social Security Act states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

The Supreme Court has explained 42 U.S.C. § 405(g) clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (citation omitted). Although the phrase, "'final decision' is left undefined by the Act[,] . . . its meaning is to be fleshed out by the [Commissioner's] regulations." *Weinberger v. Salfi*, 422 U.S. 749, 751 (1975) (citation omitted); *see also Smith v.*

---

1 Plaintiff filed an in forma pauperis application, which the Court granted [*See* Doc. 5]. Although the Court allowed the Complaint to proceed, it may "dismiss[] any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2)." *Vaughn v. Cumberland Cnty. Sheriff's Off.*, No. 2:23-CV-00060, 2024 WL 4009661, at *4 (M.D. Tenn. Aug. 30, 2024). It does so here.

*Berryhill*, 587 U.S. 471, 479 (2019) ("[T]he phrase 'final decision' clearly denotes some kind of terminal event[.]" (footnote omitted)).

As Defendant notes, "The regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision" [Doc. 12 p. 3 (citing 20 C.F.R. § 404.900(a) and *Sanders*, 430 U.S. at 102)]. "If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding" [*Id.* (citing 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981)]. Specifically, the claimant receives an initial determination, *see* 20 C.F.R. § 404.902; if dissatisfied, he may ask for reconsideration, *see* 20 C.F.R. § 404.907; if dissatisfied, he may request a hearing before an ALJ, *see* 20 C.F.R. § 404.929; and if dissatisfied, he may request that the Appeals Council review the ALJ's decision, 20 C.F.R. § 404.967. *See also Smith*, 587 U.S. at 475–76 ("Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court."). "A claimant thus obtains a judicially reviewable final decision only if he or she completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying his or her request for review" [Doc. 12 p. 4 (citing 20 C.F.R. §§ 404.981, 422.210)].

According to Defendant, "On December 17, 2021, Plaintiff filed an application for [DIB] under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*" [Doc. 12 p. 1 (citations omitted); *see also* Doc. 12-1 ¶ 3(a); Doc. 12 p. 8]. "On February 29, 2024, an Administrative Law Judge (ALJ) issued an unfavorable decision on Plaintiff's DIB claim" [Doc. 12 p. 1 (citations omitted); Doc. 12-1 ¶ 3(b); *see also* Doc. 12-1 pp. 5–7]. Plaintiff asked the Appeals Council to review, "and[] on December 18, 2024, the Appeals Council of the Security Administration remanded the case to an ALJ" [Doc. 12 pp. 1–2 (citations omitted); *see also* Doc. 12-1 ¶ 3(b); Doc. 12-1 pp. 26–28].

"On March 28, 2025, a different ALJ issued a second unfavorable decision denying Plaintiff's December 17, 2021 DIB claim" [Doc. 12 p. 2 (citation omitted); *see also* Doc. 12-1 ¶ 3(c); Doc. 12-1 pp. 29–31)]. "On April 7, 2025, Plaintiff requested review of the ALJ's March 28, 2025 unfavorable decision" [Doc. 12 p. 2 (citations omitted); Doc. 12-1 ¶ 3(d); Doc. 12-1 p. 54]. On September 16, 2025, Plaintiff commenced the instant action [Doc. 1]. "On November 24, 2025, the Appeals Council granted Plaintiff's request for review and remanded the case to an ALJ" [Doc. 12 p. 2 (citation omitted); *see also* Doc. 12-1 ¶ 3(e); Doc. 12-1 pp. 54–56]. "The case is currently pending with the Hearing Officer" [Doc. 12 p. 2; *see also* Doc. 12-1 ¶ 3(g)].

Plaintiff does not dispute this evidence. Indeed, he attached the Order of Appeals Council, which granted his request for review [Doc. 17 pp. 4–5]. The Court therefore finds that Plaintiff has not exhausted his administrative remedies, meaning it does not have jurisdiction to hear this matter. *See Pallotta v. Barnhart*, 144 F. App'x 938, 940 (3d Cir. 2005) (dismissing the plaintiff's complaint for lack of jurisdiction because the Appeals Council remanded the case, and the plaintiff's claim was pending before the ALJ when he filed in federal court); *see also Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1179 (10th Cir. 2020) (stating that § 405(g) "vests federal tribunals with authority to hear cases concerning final decisions of the Commissioner denying benefits").

## IV. CONCLUSION

For the reasons set forth above, the Court does not have jurisdiction over Plaintiff's Complaint. The Court therefore **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint [**Doc. 12**]. A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge